**BECKMAN et al. v. MALL et al.**
**No. 4677.**

District Court, D. Kansas, First Division.
April 21, 1942.

Wm. Lemke, of Fargo, N. D., John E. Addington, of Topeka, Kan., and Frank H. Meek, of Clay Center, Kan., for plaintiffs.

Summerfield S. Alexander, U. S. Atty., of Kingman, Kan., for defendants.

John S. L. Yost, Sp. Asst. Atty. Gen., for the government.

Before PHILLIPS and HUXMAN, Circuit Judges, and HOPKINS, District Judge.

PHILLIPS, Circuit Judge.

This matter has been submitted today on the petition of Beckman and others for a temporary injunction, the order to show cause, the responses of the state and county Agricultural Conservation Committees, and the evidence adduced.

At the former hearing, the court reserved the question of whether the Secretary of Agriculture is an indispensable party to the suit. At a prior hearing, a majority of the court expressed the opinion that the action could not be maintained as against the Secretary of Agriculture, both because of want of proper venue and because no proper process had been served on the Secretary of Agriculture. The question remains whether these plaintiffs are entitled to either temporary or permanent relief as against state and county committees, the remaining defendants in the suit. From the evidence adduced, it appears that the only authority that a county committee has with respect to the penalty on wheat produced on excess acreage is to receive the amount of the penalty, if tendered by a wheat farmer, and remit it in turn to the state committee, which in turn remits it to the treasury. Or, in the event the penalty is not paid, to report to the Secretary of Agriculture the fact that a penalty has been incurred and that it has not been paid, in order that the Secretary of Agriculture may take steps, if he is so advised, to bring legal proceedings to enforce the payment of the penalty. The foregoing authority is vested in the state and county committees by § 711 of the Regulations of the Department of Agriculture issued May 31, 1941, Wheat-507, pertaining to wheat marketing quotas for the 1941 crop of wheat.

■■ The proof fails to show that the state and county committees are taking any affirmative steps to enforce the penalty, or are otherwise taking any affirmative action against nonpaying wheat farmers as to whom a penalty has been found to exist. It would seem, therefore, that the court can grant no relief against the state or county committees that will avail the plaintiffs anything in this case. I recognize that where a principal cannot be reached with process, if the agent is acting or threatening to act under a statute, the constitutionality of which is challenged, a remedy by injunction exists against the agent. The difficulty here is that the agent has no power to do anything to enforce the penalty. It seems to me, therefore, that any relief that is to be effective must be obtained in an action in which the Secretary of Agriculture is a proper party before the court. Personally, it seems to me very unfortunate that the Secretary of Agriculture has not seen fit to voluntarily come in and defend this action. A large number of farmers are challenging the constitutionality of this statute. One lower Federal Court has held the penalty to be void. The farmer is at a great disadvantage. He cannot sell, he cannot feed, he cannot use, the wheat while this question remains undetermined. It would seem that a citizen should be accorded the right to have his government meet him on a challenge of this kind and submit itself to the jurisdiction of the proper court and let the matter be decided. Nevertheless, this court has no way to compel the Secretary of Agriculture to submit himself to its jurisdiction. The matter presents a question of policy for the determination of the Secretary, and since he has seen fit not to appear in this suit, it is my opinion that this court cannot grant any effective injunctive relief, either temporary or permanent. I, therefore, conclude that the case should be dismissed on the ground that the Secretary of Agriculture is not before the court and that on the facts presented, no proper injunctive relief can be granted against the state and county committees.

HUXMAN, Circuit Judge (concurring).

I concur fully in what Judge PHILLIPS has so ably stated as regards the power and jurisdiction of this court to grant any relief against the defendants remaining in this case. As to the question whether the Secretary of Agriculture should have come into this case or not, I desire to state that is a matter that is not before the court. Of course, the sovereign owes it to the citizen to have a speedy adjudication and determination of all controversies existing between them. It can be said for the Secretary of Agriculture, however, that he has attempted to do that very thing. When the California case, the first case to be filed, went out, he submitted himself to the jurisdiction of the case then pending, the Ohio case, Filburn v. Helke, D.C.Ohio, 43 F.Supp. 1017, for the very purpose of having such an adjudication, so that it could be speedily determined whether this law is constitutional or invalid, and that case is now in the Supreme Court. There are questions of policy and governmental procedure involved, of course, which the

Secretary must take into account in determining in how many of these cases he will submit himself to the jurisdiction of the court for the purpose of further affording citizens who were not parties in the case which has been adjudicated, an opportunity to present their views. I can see where a great hardship would be imposed upon the Department of Agriculture if it should be compelled or should be asked to submit itself to the jurisdiction of all the cases pending in the forty-eight states, and I doubt whether the Secretary of Agriculture is subject to criticism for not doing so unless some of these cases present an unusual or additional feature or ground not urged in the case in which the Secretary did appear. I concur fully in the conclusions of Judge PHILLIPS that the plaintiffs have made no case' for relief against the defendants before this court, and a judgment, a final judgment, should be entered upon the statement of counsel for plaintiffs that they have nothing further to submit in support of their contentions, finally dismissing the cause of action.

HOPKINS, District Judge (dissenting).

I am not in accord with the views of my brother Judges, and as soon as the record is prepared and I have time to examine the voluminous testimony that has been offered, I will examine it and perhaps put my views in writing, dissenting from the majority conclusion.